```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

CHRISTINA LESLIE, *individually and on behalf of all others similarly situated*,

    Plaintiff,

-v.-

THOMPSON REUTERS CORPORATION,

    Defendant.

22 Civ. 07936 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

Plaintiff Christina Leslie brings this putative class action against Defendant Thompson Reuters Corporation, the owner of Reuters.com. Plaintiff alleges that Retuers.com discloses its users' personally identifiable information to Facebook via the "Facebook Pixel," in violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. *See* ECF No. 1 (Compl.).

Before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 22 (Mot.). Defendant contends, *inter alia*, that "Plaintiff does not allege that she is a 'consumer' protected by the VPPA." ECF No. 23 (Br.) at 2. Legal issues that bear on Defendant's motion are currently before the Second Circuit in *Salazar v. National Basketball Ass'n*, No. 23-1147 (2d Cir.). Specifically, in *Salazar*—which is based on substantially similar facts as the instant matter, and in which the same counsel represents the plaintiff—the defendant has advanced the same argument for dismissal under the VPPA as Defendant has presented here.

Exercising its discretion, the Court finds it in the balance of the interests that this matter be STAYED pending resolution of the *Salazar* appeal.

## LEGAL STANDARD

The VPPA protects "consumers," defined by statute to include "subscriber[s] of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1). The term "subscriber,"

however, is "not define[d]" under the VPPA. *Golden v. NBCUniversal Media, LLC*, No. 22 Civ. 9858 (PAE), 2023 WL 5434378, at *9 (S.D.N.Y. Aug. 23, 2023); *see also Carter v. Scripps Networks, LLC*, No. 22 Civ. 2031 (PKC), 2023 WL 3061858, at *4 (S.D.N.Y. Apr. 24, 2023) ("'Subscriber' is not a separately defined term under the VPPA."). Since the parties finished briefing the motion to dismiss in this case, several courts in this District have issued decisions aimed at clarifying the scope of "subscriber" in the context of online video streaming. *See Golden*, 2023 WL 5434378, at *10 (collecting cases, and noting that "to qualify as a subscriber under the VPPA, a plaintiff must allege more than either having (1) merely downloaded a free mobile app, or (2) merely signed up for a free email newsletter unrelated to her video viewing" (citations omitted)). Among those decisions is *Salazar v. National Basketball Ass'n*, No. 22 Civ. 7935 (JLR), 2023 WL 5016968, at *8 (S.D.N.Y. Aug. 7, 2023) (holding that "[a] consumer under the VPPA – and necessarily, a 'renter, purchaser, or *subscriber*' under the VPPA – consumes (or rents, purchases, or subscribes to) audio visual materials, not just any products or services from a video tape services provider").

While "[t]he Second Circuit has not" previously "addressed the application of th[e] term ['subscriber'] in the context of online video streaming," *Golden*, 2023 WL 5434378, at *9, the Court's order in *Salazar* is now on appeal. Among the issues on appeal is "[w]hether the District Court erred in finding that Plaintiff would not be able to state a claim under the VPPA because Plaintiff did not meet the definition of 'consumer' as defined by the VPPA." Form C Add. B at 1, *Salazar*, No. 23-1147 (2d Cir. Aug. 28, 2023), ECF No. 24-3.

## DISCUSSION

"A decision to stay proceedings is one that rests firmly within a district court's discretion." *Poppel v. Rockefeller Univ. Hosp.*, No. 19 Civ. 1403 (ALC), 2019 WL 3334476, at

\*2 (S.D.N.Y. July 25, 2019).  That discretion "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  In determining whether to enter a stay, courts in this Circuit consider the following factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).  "The power to stay proceedings can be exercised *sua sponte*."  *Off-White LLC v. AEUNZN*, 21 Civ. 9613 (JLR), 2023 WL 199483, at \*1 (S.D.N.Y. Jan. 17, 2023) (quotation marks omitted); *see also Plaintiffs #1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 279 (E.D.N.Y. 2015) (same).

This Court finds that the balance of interests in this case favors a stay.  Both parties stand to benefit from gaining clarity on the scope of the VPPA before engaging in potentially expensive—and uncertain—litigation.  "Regardless of how the Second Circuit rules in [*Salazar*], it will likely impact issues pending in this case.  But if this Court were to rule now in this action, without the benefit of an appellate ruling in [*Salazar*], it would only result in complicating matters, risking a ruling at odds with [*Salazar*], and delaying the resolution of this action still further."  *Kunsman v. Conkright*, No. 08 Civ. 6080 (DGL), 2018 WL 9781177, at \*1 (W.D.N.Y. Jun. 25, 2018); *see also Goldstein v. Time Warner N.Y.C. Cable Grp.*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998) ("[E]ither way, resolution of that appeal should guide this Court in ruling on one of the key issues in this litigation.").  While a stay may delay resolution of the pending motion, "delay does not, without more" result in "undue prejudice."  *McCracken v. Verisma Sys., Inc.*, 14 Civ. 6248 (MAT), 2018 WL 4233703, at \*4 (W.D.N.Y. Sept. 6, 2018).

Moreover, a stay would serve the interests of the courts, persons not parties to this litigation, and the public.  "[I]t would be an inefficient use of time and resources of the Court and the parties to proceed in light of a pending Second Circuit decision that will significantly impact this litigation."  *Hoover v. HSBC Mortg. Corp. (USA)*, 13 Civ. 149 (MAD), 2014 WL 12781322, at *2 (N.D.N.Y. July 9, 2014) (staying case pending appeal that "present[ed] an identical question to that presented in th[e] action"); *see also Goldstein*, 3 F. Supp. 2d at 437-38 ("A trial court may[] . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (quotation marks omitted)).

## CONCLUSION

The Clerk of Court is directed to mark this case as STAYED.  **Within seven days** of the Second Circuit's decision in *Salazar v. National Basketball Ass'n*, No. 23-1147 (2d Cir.), the parties shall file a joint letter regarding the effect of the Second Circuit's decision, if any, on this case.

SO ORDERED.

Dated: September 22, 2023
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge